UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jason Robert Drew, #301545, | ) C/A No.  8:13-858-MGL-JDA |
| Petitioner, | ) |
| vs. | ) |
| | ) Report and Recommendation |
| Michael McCall, | ) |
| Respondent. | ) |

Petitioner Jason Robert Drew ("Petitioner"), proceeding *pro se*, filed this petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the district judge.  For the reasons that follow, the undersigned recommends that the district judge dismiss the petition in this case without prejudice.

Standard of Review

Under established local procedure in this judicial district, a careful review has been made of this petition pursuant to the procedural provisions of the Rules Governing Habeas Corpus Cases Under Section 2254 Proceedings for the United States District Court, the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1213, and other habeas corpus statutes.  A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case.  *Erickson v. Pardus,* 551 U.S. 89, 94 (2007).  When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true.  *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975).  The mandated liberal construction afforded

to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990).

## Background and Discussion

With respect to his conviction and sentence, a petitioner's sole federal remedy is a writ of habeas corpus under 28 U.S.C. § 2241 or 28 U.S.C. § 2254, which can be sought only after a petitioner has exhausted his state court remedies. *See* 28 U.S.C. § 2254(b); *Picard v. Connor*, 404 U.S. 270 (1971); and *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-491 (1973)(exhaustion required under 28 U.S.C. § 2241).

The AEDPA substantially modified procedures for consideration of habeas corpus petitions of state inmates in the federal courts. One of those changes was the amendment of 28 U.S.C. § 2244 to establish a one-year statute of limitations for filing habeas petitions. Subsection (d) of the statute now reads:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The petition indicates that Petitioner filed for relief pursuant to § 2254 more than one year after his judgment of conviction became final. Petitioner was convicted and sentenced April 22, 2004 in Lexington County, and is now incarcerated at Lee Correctional Institution ("Lee") in Bishopville, South Carolina. He made a direct appeal which was dismissed by the S.C. Court of Appeals July 1, 2005. Therefore, the date his judgment became final was July 11, 2005. *See* South Carolina Court Rules, Rule 203(b)(2) Time for Service, Appeals From the Court of General Sessions and Rule 263 (time computation). He then filed an application for post-conviction relief (PCR) which was denied April 19, 2010. It is not clear when he appealed to the Supreme Court, but they denied his petition March 23, 2012.

In what may be an attempt to get around the statute of limitations, Petitioner has failed to date either his petition or his motion to proceed IFP. As a prisoner, Petitioner has the benefit of *Houston v. Lack*, 487 U.S. 266 (1988) (prisoner's pleading was filed at the moment of delivery to prison authorities for forwarding to District Court). However, the date on the envelope containing his petition is dated delivered to the Lee mail room on March 27, 2013. That would make his petition at least four days late, on the face of the petition alone.

The Court also takes judicial notice that Petitioner filed his PCR application on December 2, 2005, *see* Lexington County Eleventh Judicial Circuit Public Index,

3

http://cms.lex-co.com/scjdweb/publicindex/CaseDetails.aspx?County=32&CourtAgency=32002&Casenum=2005CP3204182&CaseType=V (last visited April 5, 2013), such that approximately five months of the AEDPA limitations period expired before Petitioner filed for PCR, which presumably tolled the statute of limitations.  Thus, while the face of the petition plainly indicates the statute of limitations appears to bar the petition, the Court notes there is an additional five months of untolled time that Petition would have to account for to allow consideration of the petition to proceed.  However, Petitioner has provided no explanation for this lapse of time.

The United States Supreme Court has acknowledged that district courts are "permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition."  *Day v. McDonough*, 547 U.S. 198, 209 (2006);  *see also Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655 (4th Cir. 2006)(carving out habeas corpus petitions and *in forma pauperis* complaints as narrow circumstances to permit *sua sponte* consideration of statute of limitations when defense is clear on face of petition or complaint).  The Court further instructs that "before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions." *Id.*  Similarly, the United States Court of Appeals for the Fourth Circuit has mandated caution in *sua sponte* dismissals of untimely petitions under the AEDPA:

> [W]hen a federal habeas court, acting sua sponte, dismisses a § 2254 action as untimely without notice to or input from the petitioner, the court cannot be certain that there are no circumstances that would cause the petition to be timely.  The district court ought at least to inquire whether there are any facts not apparent to the court that militate against the application of the limitations bar.

*McMillan v. Jarvis*, 332 F3d 244, 249 (4th Cir. 2003); *see also Hill v. Braxton*, 277 F.3d 701

(4th Cir. 2002).

The AEDPA's statute of limitations is subject to equitable tolling, which could, in effect, extend the final date for filing. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Harris v. Hutchinson*, 209 F.3d 325 (4th Cir. 2000). Petitioner could be entitled to equitable tolling of the statute of limitations if he were to present facts of "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003).

The standard habeas petition form (AO-241) requests information in Question #18 pertaining to the timeliness of the petition, as follows: "If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not par your petition." The footnote to the question provides the text of § 2244(d).

Petitioner does not give any reason his case should be equitably tolled in response to Question # 18 of his petition, instead stating "[t]he claim of ineffective assistance of counsel cannot be barred in this Petition." ECF No. 1 at 13. It is not clear why he believes this, and Petitioner does not attempt to explain his reasoning.

In order to provide the "fair notice" required by *McMillan* and *Hill,* Petitioner was given an opportunity by order of the undersigned dated April 5, 2013 to show cause why his case should not be dismissed on timeliness grounds. ECF No. 7. Petitioner has made two motions for extensions of time. ECF No. 11 and 15. The undersigned granted both of these motions, on May 2, 2013 and May 15, 2013 respectively. ECF No. 12 and 16. However, the time granted in these extensions has passed, and no further communication

has been received from Petitioner.

In an unpublished case, the Fourth Circuit found extraordinary circumstances existed when a clerk of court erroneously failed to place an otherwise timely § 2254 petition on the docket, thus rendering it untimely. *Parmaei v. Jackson*, 378 Fed. Appx. 331 (4th Cir. 2010). As the petitioner in *Parmaei* had made every effort to timely file his petition, and was impeded only by circumstances outside of his control, the Fourth Circuit found the limitations period was equitably tolled. *Parmaei*, 378 Fed. Appx. at 332.

No similar argument has been presented in the instant case. Petitioner has made no argument that his failure to pursue habeas relief was due to extraordinary circumstances or to some circumstance beyond his control. He makes no explanation of what kept him from filing for relief for the five months after his judgment became final before filing his PCR. Nor does he explain what prevented him from filing his habeas case in this Court after the South Carolina Supreme Court denied certiorari March 23, 2012. In light of the absence of any extraordinary circumstances beyond Petitioner's control that would militate in favor of equitably tolling the limitations period, the undersigned recommends the instant petition be dismissed as untimely.

## Recommendation

For the foregoing reasons, it is recommended that this case be dismissed without prejudice and without issuance and service of process.

s/Jacquelyn D. Austin
United States Magistrate Judge

June 19, 2013
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).