IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jason Robert Drew, | ) Civil Action No. 8:13-858-MGL |
| Petitioner, | ) |
| v. | ) **ORDER** |
| Michael McCall, | ) |
| Respondent. | ) |

Petitioner Jason Robert Drew, ("Petitioner"), an inmate in the custody of the South Carolina Department of Corrections, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c), D.S.C., this matter was referred to United States Magistrate Judge Jacquelyn D. Austin for review of post-trial petitions for relief and a Report and Recommendation ("Report").

On June 19, 2013 the Magistrate Judge issued a Report, (ECF No. 21), recommending that the petition be dismissed *without prejudice* and without issuance and service of process. Objections to the Report were originally due by July 8, 2013. However, Petitioner twice moved for an extension of time to respond, and the Court twice granted an extension. (ECF. Nos. 23, 25, 27, 29). Petitioner ultimately filed a general Objection to the Report on August 27, 2013. (ECF No. 31).

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28

U.S.C. § 636(b).  In the absence of a timely filed Objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In light of the standards set forth above, the Court has reviewed, *de novo*, the Report and the Petitioner's Objection.  The Court has undertaken a *de novo* review even though Petitioner's Objection largely fails to make detailed, specific objections to the Magistrate Judge's Report and is much closer in a nature to a generalized objection.  See ECF. 31 at p. 12 ("[T]he Petitioner hereby objects to the entire Report and Recommendation issued by the Magistrate Judge").  To the extent that Petitioner does directly address the precise grounds for dismissal set out by the Magistrate Judge, Petitioner fails to cite any circumstances capable of supporting an equitable tolling of the one year statute of limitations governing § 2254 petitions.  Petitioner's bare claim that his "lack of experience and knowledge in the field of criminal law" should excuse the lateness of his filing does not even approach the type of showing that would be required to support an equitable tolling in his case.  (ECF No. 31 at p. 12).

For the forgoing reasons, the Court concurs with the reasoning of the Magistrate Judge and adopts the Report and incorporates it herein by reference.  (ECF No. 21).  Petitioner's Petition for a Writ of Habeas Corpus is **DISMISSED** without prejudice and without issuance and service of process.

## Certificate of Appealability

The governing law provides that:

© (2) A certificate of appealability may issue . . . only if the applicant

> has made a substantial showing of the denial of a constitutional right.
>
> © (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253© . A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir.2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED.**

**IT IS SO ORDERED.**

s/Mary G. Lewis
United States District Judge

June 10, 2014
Spartanburg, South Carolina